1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ADONAI EL-SHADDAI a.k.a. WILKERSON

11            Plaintiff,                    No. CIV S-06-0122 DFL CMK P

12        vs.

13   JEANNE WOODFORD, et al.,

14            Defendants.

15   _____/          ORDER

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff originally filed this civil

17   rights action in state court; it was removed to this court by defendants on January 17, 2006.

18   Defendants paid the required filing fee for this action.  This proceeding was referred to this court

19   by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

20            While this complaint has already been served on defendants, the court required

21   that plaintiff request to proceed in forma pauperis for purposes of service, without payment of

22   costs by the U.S. Marshal, on any defendants who may be added.  Plaintiff has submitted a

23   declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to

24   proceed in forma pauperis will be granted.

25   ///

26   ///

1

**I.      Background**

Plaintiff was transferred from California State Prison Lancaster (CSP-L) to High Desert State Prison (HDSP).  Plaintiff claims that his First and Fourteenth Amendment rights[1] were violated when he arrived at HDSP and was unlawfully forced to dispose of nonexpendable personal property consisting of personal clothing, religious and financial books, manuscripts, food, and a television. Plaintiff contends that the sending institution (CSP-L) was responsible for administering the disposal of his personal property not allowed at the receiving institution (HDSP).

**II.      Screening the Complaint**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

///

---

[1]In his complaint, plaintiff states that he was deprived of his rights and the equal protection of law under the "Fourth Amendment."  The court assumes that plaintiff is arguing that he was deprived of his Fourteenth Amendment Right to equal protection of the law.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

While unlawful confiscation of personal property may state a claim cognizable in a civil rights action, a plaintiff must connect the named defendants clearly with the claimed denial of his rights. See Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury);  Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").   The court cannot determine from the complaint what role, if any, of the named defendants, Jeanne Woodford and D.L Runnels, played in the alleged deprivation of plaintiff's rights.

In addition, plaintiff makes no attempt to link the confiscation of his personal property with any equal protection claim, apart from conclusory allegations.  To plead an equal protection violation, plaintiff must allege he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful

1   discrimination. <u>See</u>  <u>Freeman v. Arpaio</u>, 125 F.3d 732, 737 (9th Cir. 1997).  Here again, plaintiff

2   has failed to link his factual allegations to his legal claims.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d

3   1172, 1179-80 (9th Cir. 1996).

4   　　　　　　　Because plaintiff has failed to state a claim upon which relief can be granted, the

5   complaint must be dismissed.   The court will, however, grant leave to file an amended

6   complaint.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

7   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

8   <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

9   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

10  there is some affirmative link or connection between a defendant's actions and the claimed

11  deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

12  1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

13  allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of</u>

14  <u>Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

15  　　　　　　　In addition, plaintiff is informed that the court cannot refer to a prior pleading in

16  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

17  amended complaint be complete in itself without reference to any prior pleading.  This is

18  because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

19  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

20  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

21  original complaint, each claim and the involvement of each defendant must be sufficiently

22  alleged.

23  ///

24  ///

25  ///

26  ///

4

**III.     Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed.

2.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed;

3.  Plaintiff's complaint, which was originally filed in state court, has already been served on defendants and they have appeared in this action.  Defendants shall refrain from answering any amended complaint that plaintiff may file until the court screens the complaint. After the court screens any amended complaint, it will make further orders regarding an answer.

DATED:   July 14, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE