IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDONAI EL-SHADDAI a.k.a. WILKERSON

      Plaintiff,                      No. CIV S-06-0122 DFL CMK P

   vs.

JEANNE WOODFORD, et al.,

      Defendants.             ORDER

                               /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed July 17, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        In his amended complaint, plaintiff alleges that, in June 2003, defendants implemented California Department of Corrections High Desert State Prison Operational Procedure # 606, which governs the receiving and release of inmates' personal property. (Ex. A.) Under the June 2003 Operational Procedure #606, personal property confiscated from an inmate will be held for forty-five days pending inmate funds to ship the property elsewhere. Should the inmate fail to procure the required funds for shipment, the property becomes the property of the California Department of Corrections and Rehabilitation (CDCR).

1

Plaintiff alleges that several boxes of his personal property was confiscated and, after forty-five days, became the property of the CDCR.  Plaintiff contends that, when promulgating Operational Procedure # 606, the CDCR did not comply with the procedural requirements of the state Administrative Procedures Act.  Plaintiff alleges violations of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.  He seeks injunctive relief and monetary damages.

The  amended complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court, therefore, finds that service is appropriate and will order defendants to file an answer to this complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: Jeanne Woodford and D.L. Runnels.

2. Defendants shall reply to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

3. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall be briefed pursuant to Local Rule 78-230(m).  Failure to oppose such a motion timely may be deemed a waiver of opposition to the motion.  Opposition to all other motions need be filed only as directed by the court.

4. If plaintiff is released from prison at any time during the pendency of this case, any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule 78-230(m).  In the absence of a court order granting such a request, the provisions of Local Rule 78-230(m) will govern all motions described in #7 above regardless of plaintiff's custodial status.  See Local Rule 1-102(d).

        5. Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure.  Such a motion is a request for dismissal of unexhausted claims without prejudice.  The defendant may submit affidavits or declarations under penalty of perjury and admissible documentation to support the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under penalty of perjury and admissible documentation.  Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations by other persons who have personal knowledge of relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides submit matters outside the pleadings, the court may look beyond the pleadings and decide disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's unexhausted claims will be dismissed without prejudice.

        6. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion is a request for an order for judgment in favor of defendants without trial.  A defendant's motion for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment.  To oppose a motion for summary

1  judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of
2  the following ways.  Plaintiff may rely upon statements made under the penalty of perjury in the
3  complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and
4  plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.
5  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that
6  plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must
7  have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but
8  plaintiff must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon
9  all or any part of the transcript of one or more depositions, answers to interrogatories, or
10 admissions obtained in this proceeding.  If plaintiff fails to contradict the defendants' evidence
11 with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as
12 the truth and the defendants' motion for summary judgment granted.  If there is some good
13 reason why such facts are not available to plaintiff when required to oppose a motion for
14 summary judgment, the court will consider a request to postpone considering the defendants'
15 motion.  If plaintiff does not serve and file a written opposition to the motion or a request to
16 postpone consideration of the motion, the court may consider the failure to act as a waiver of
17 opposition to the defendants' motion.  If the defendants' motion for summary judgment, whether
18 opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and
19 the case will be closed.

20          7. A motion or opposition supported by unsigned affidavits or declarations will
21 be stricken.

22          8. Each party shall keep the court informed of a current address at all times while
23 the action is pending.  Any change of address must be reported promptly to the court in a
24 separate document captioned for this case and entitled "Notice of Change of Address."  A notice
25 of change of address must be properly served on other parties.  Pursuant to Local Rule 83-
26 182(d), service of documents at the record address of a party is fully effective.  Failure to inform

1 | the court of a change of address may result in the imposition of sanctions including dismissal of
2 | the action.
3 |       9. The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of
4 | Court.
5 |       10. The failure of any party to comply with this order, the Federal Rules of Civil
6 | Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but
7 | not limited to, dismissal of the action or entry of default.  Fed. R. Civ. P. 11; Local Rule 11-110.
8 |
9 | DATED:   September 28, 2006.

                                   **CRAIG M. KELLISON**
                                   UNITED STATES MAGISTRATE JUDGE