IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADONAI EL-SHADDAI a.k.a. WILKERSON

        Plaintiff,                     No. CIV S-06-0122 DFL CMK P

  vs.

JEANNE WOODFORD, et al.,

        Defendants.    FINDINGS & RECOMMENDATIONS

        In his amended complaint filed July 28, 2006, petitioner alleges that, as a result of an improperly promulgated rule, prison officials confiscated his personal property. Plaintiff sought injunctive relief. By order filed September 29, 2006, the court informed defendants that the court intended to act on plaintiff's request for injunctive relief order defendants to not dispose of the confiscated property within twenty days from that date. The court directed defendants that if they wished to take any position with respect to plaintiff's request for injunctive relief, they should do so within fifteen days. To date, defendants have filed no response.

        The legal principles applicable to a request for injunctive relief such as a restraining order are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.

1  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must
2  demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a
3  significant showing of possible irreparable harm, the court need not reach the issue of likelihood
4  of success on the merits.  Id.
5         Here, plaintiff asserts that, in June 2003, defendants implemented California
6  Department of Corrections High Desert State Prison Operational Procedure #606, which governs
7  the receiving and release of inmates' personal property.  (Am. Compl. Ex. A.)  Plaintiff contends
8  that, when promulgating Operational Procedure #606, the California Department of Corrections
9  and Rehabilitation (CDCR) did not comply with the procedural requirements of the state
10 Administrative Procedures Act.  As a result of the allegedly improperly adopted rule, plaintiff's
11 personal property has been confiscated.
12        Plaintiff states that he has been irreparably injured by the confiscation of his
13 property and seeks injunctive relief.  The court construes this request as a request for injunctive
14 relief preventing prison officials from disposing of plaintiff's confiscated property during the
15 course of this litigation.  Plaintiff also seeks injunctive relief requiring defendants to comply with
16 California Penal Code 5062 (which allows plaintiff to have his property held for three years) and
17 to "limit inmate owned books to the availability of space authorized by California Code of
18 Regulations, Title 15, Sec. 3190(b)."  (Am. Compl., pg 5.)
19        California law requires the CDCR to follow the procedures of the California
20 Administrative Procedures Act, Cal. Gov. Code § 1140 et seq.  See Hillery v. Rushen, 720 F.2d
21 1132 (1983).  Accordingly, it appears that,  if the allegations in plaintiff's complaint are true,
22 plaintiff may have a high likelihood of success on the merits.  See Coalition for Economic Equity,
23 122 F.3d 692, 700 (9th Cir. 1997).  Additionally, there is a high likelihood of irreparable injury if
24 plaintiff's confiscated personal belongings are disposed of during the course of this case.  See id.
25 Accordingly, the court finds that it is appropriate to grant plaintiff's request for injunctive relief to
26 the following extent: defendants should be ordered to not dispose of plaintiff's property, which

was confiscated pursuant to Operational Procedure #606, pending the outcome of this litigation.

The court finds that it is not appropriate to grant plaintiff's request for an order requiring defendants to comply with California Penal Code 5062 (which allows plaintiff to have his property held for three years) and to "limit inmate owned books to the availability of space authorized by California Code of Regulations, Title 15, Sec. 3190(b)."

Based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's request for injunctive relief be granted in part and denied in part.

2. Plaintiff's request for injunctive relief ordering the CDCR to not dispose of his property which was confiscated pursuant to Operational Procedure #606 while this litigation is pending be granted.

3. Plaintiff's request for injunctive relief ordering defendants to comply with California Penal Code 5062 (which allows plaintiff to have his property held for three years) and to "limit inmate owned books to the availability of space authorized by California Code of Regulations, Title 15, Sec. 3190(b)" be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 27, 2006.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE