1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ANDONAI EL-SHADDAI aka WILKERSON,

11          Plaintiff,                    No. CIV S-06-0122 DFL CMK P

12       vs.

13    JEANNE WOODFORD, et al.,

14          Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

15    _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17    42 U.S.C. § 1983.  On November 6, 2006, plaintiff filed an "..Objection to Defendants [sic]

18    Answer..." (doc. 31), which the court construes as a motion to strike defendants' Answer.  Rule

19    12(f) of the Federal Rules of Civil Procedure requires that motions to strike be filed within

20    twenty days of service of the pleading.  Court records indicate that defendants served their

21    answer on October 19, 2006.  Plaintiff's motion to strike was served on November 6, 2006.

22    Plaintiff's motion is therefore untimely and the court will recommend it be denied on that

23    ground.

24          Even assuming <u>arguendo</u> that plaintiff's motion to strike was timely, the court

25    would still recommend denial.  "'[T]he function of a 12(f) motion to strike is to avoid the

26    expenditure of time and money that must arise from litigating spurious issues by dispensing with

1    those issues prior to trial . . . .'" Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)

2    (quoting Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983)), rev'd on other

3    grounds, 510 U.S. 517 (1994).  Grounds for a motion to strike must appear on the face of the

4    pleading or from matters which the court may judicially notice.  See Fantasy, Inc., 984 F.2d at

5    1528; Securities and Exch. Comm'n v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).  When

6    ruling on a motion to strike, the court must accept as true the pleader's factual allegations.  See

7    Vokal v. United States, 177 F.2d 619, 623-24 (9th Cir. 1949).

8         To prevail on a motion to strike an affirmative defense, the moving party must

9    persuade the court that there are no disputed questions of fact or law and that the defense could

10   not succeed under any set of circumstances.  See Securities and Exch. Comm'n, 902 F. Supp. at

11   1165.  "Even when the defense under attack presents a purely legal question, courts are reluctant

12   to determine disputed or substantial questions of law on a motion to strike."  Id. at 1166.  See

13   Vokal, 177 F.2d at 622-23, 625; United States v. Iron Mountain Mines, Inc., 812 F. Supp. 1528,

14   1535 (E.D. Cal. 1992).

15        Motions to strike are generally regarded with disfavor because of the limited

16   importance of pleadings in federal practice.  See Securities and Exch Comm'n, 902 F. Supp. at

17   1165-66; LeDuc v. Kentucky Cent. Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992).  The

18   moving party may thus be required to show prejudice arising from the matter to be stricken.  See

19   Securities and Exch. Comm'n, 902 F. Supp. at 1166; LeDuc, 814 F. Supp. at 830.

20        Plaintiff in this action moves to strike the defendants' First, Second, Third,

21   Fourth, Fifth, and Sixth affirmative defenses.  Upon careful consideration of plaintiff's

22   arguments and of the parties' pleadings pursuant to the standards set forth above, this court is not

23   persuaded that defendants cannot succeed on any of the challenged defenses under any set of

24   circumstances.  Accepting as true defendants' factual allegations, the court finds it premature to

25   ///

26   ///

2

hold that defendants' affirmative defenses are insufficient as a matter of law.  Nor has plaintiff demonstrated prejudice.  Accordingly, the court  will recommend that plaintiff's motion to strike be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's November 6, 2006 "...Objection to Defendants [sic] Answer...," (doc. 31) which the court construes as a motion to strike defendants' Answer be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:  November 9, 2006.


**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3