1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE EASTERN DISTRICT OF CALIFORNIA

7    ANDONAI EL-SHADDAI a.k.a. WILKERSON

8          Plaintiff,                    No. CIV S-06-0122 DFL CMK P

9    vs.

10   WOODFORD, et al.,                   ORDER AND ORDER DIRECTING SERVICE

11        Defendant.                      BY THE UNITED STATES MARSHAL

12   _____/          WITHOUT PREPAYMENT OF COSTS

13        This case was removed to this court on January 17, 2006.  Although the

14   defendants paid the filing fee, the court granted plaintiff in forma pauperis status on July 17,

15   2006.  By order filed September 29, 2006, the court determined that plaintiff's amended

16   complaint states a cognizable claim for relief against defendants Woodford and Runnels and

17   ordered defendants to respond to plaintiff's amended complaint.

18        On October 30, 2006, after realizing that due to a glitch in service of process of

19   the state court action, defendant Runnels had never been served with this complaint.

20   Accordingly, the court ordered plaintiff to provide information for service of process on

21   defendant Runnels on form USM-285, a completed summons, sufficient copies of the complaint

22   for service, and a notice of compliance.  Plaintiff has filed the required papers.  Accordingly, IT

23   IS HEREBY ORDERED that:

24        1. The Clerk of the Court is directed to forward the instructions for service of

25   process, the completed summons, copies of the July 28, 2006 amended complaint and copies of

26   this order to the United States Marshal.

1

2.  Within ten days from the date of this order, the United States Marshal is directed to notify defendant Runnels of the commencement of this action and to request a waiver of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c).

3.  The United States Marshal is directed to retain the sealed summons and a copy of the complaint in their file for future use.

4.  The United States Marshal shall file a returned waiver of service of summons or a request for waiver that is returned as undelivered as soon as it is received.

5.  If a waiver of service of summons is not returned by the defendant within sixty days from the date of mailing the request for waiver, the United States Marshal shall:

a.  Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections (CDC) to execute this order.  The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order.

b.  Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

6.  Defendant shall reply to the complaint within the time provided by the

1    applicable provisions of Fed. R. Civ. P. 12(a).

2           7.  Unless otherwise ordered, all motions to dismiss, motions for summary

3    judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59

4    and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall

5    be briefed pursuant to Local Rule 78-230(m).  Failure to oppose such a motion timely may be

6    deemed a waiver of opposition to the motion.  Opposition to all other motions need be filed only

7    as directed by the court.

8           8.  If plaintiff is released from prison at any time during the pendency of this case,

9    any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule

10   78-230(m).  In the absence of a court order granting such a request, the provisions of Local Rule

11   78-230(m) will govern all motions described in #7 above regardless of plaintiff's custodial

12   status.  See Local Rule 1-102(d).

13          9.  Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003),

14   plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to

15   exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of

16   the Federal Rules of Civil Procedure.  Such a motion is a request for dismissal of unexhausted

17   claims without prejudice.  The defendant may submit affidavits or declarations under penalty of

18   perjury and admissible documentation to support the motion to dismiss.  To oppose the motion,

19   plaintiff may likewise file declarations under penalty of perjury and admissible documentation.

20   Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the

21   complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to

22   the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve

23   and file one or more affidavits or declarations by other persons who have personal knowledge of

24   relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the

25   records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence

26   with admissible evidence, the court may rely on the defendant's evidence.  In the event both

3

1   sides submit matters outside the pleadings, the court may look beyond the pleadings and decide

2   disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the

3   court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the

4   defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's

5   unexhausted claims will be dismissed without prejudice.

6          10.  Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),

7   <u>cert.</u> <u>denied</u>, 527 U.S. 1035 (1999), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988),

8   plaintiff is advised of the following requirements for opposing a motion for summary judgment

9   made by the defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a

10  motion is a request for an order for judgment in favor of the defendant without trial.  A

11  defendant's motion for summary judgment will set forth the facts that the defendant contends are

12  not reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a motion

13  for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in

14  one or more of the following ways.  Plaintiff may rely upon statements made under the penalty

15  of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the

16  matters stated and plaintiff calls to the court's attention those parts of the complaint upon which

17  plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth

18  the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or

19  declaration must have personal knowledge of the facts stated.  Plaintiff may rely upon written

20  records, but plaintiff must prove that the records are what plaintiff claims they are.  Plaintiff may

21  rely upon all or any part of the transcript of one or more depositions, answers to interrogatories,

22  or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendant's

23  evidence with counteraffidavits or other admissible evidence, the defendant's evidence may be

24  taken as the truth and the defendant's motion for summary judgment granted.  If there is some

25  good reason why such facts are not available to plaintiff when required to oppose a motion for

26  summary judgment, the court will consider a request to postpone considering the defendant's

4

1  motion.  If plaintiff does not serve and file a written opposition to the motion or a request to
2  postpone consideration of the motion, the court may consider the failure to act as a waiver of
3  opposition to the defendant's motion.  If the defendant's motion for summary judgment, whether
4  opposed or unopposed, is granted, judgment will be entered for the defendant without a trial and
5  the case will be closed.

6         11.  A motion or opposition supported by unsigned affidavits or declarations will
7  be stricken.

8         12.  Each party shall keep the court informed of a current address at all times
9  while the action is pending.  Any change of address must be reported promptly to the court in a
10  separate document captioned for this case and entitled "Notice of Change of Address."  A notice
11  of change of address must be properly served on other parties.  Pursuant to Local Rule 83-
12  182(d), service of documents at the record address of a party is fully effective.  Failure to inform
13  the court of a change of address may result in the imposition of sanctions including dismissal of
14  the action.

15         13.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of
16  Court.

17         14.  The failure of any party to comply with this order, the Federal Rules of Civil
18  Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but
19  not limited to, dismissal of the action or entry of default.

20

21  DATED:  December 6, 2006.

22

23

24  CRAIG M. KELLISON
    UNITED STATES MAGISTRATE JUDGE

25

26

5