IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDONAI EL-SHADDAI a.k.a. WILKERSON

    Plaintiff,                                No. CIV S-06-0122 DFL CMK P

    vs.

WOODFORD, et al.,

    Defendant.                        ORDER

                                /

        Plaintiff is a state prisoner proceeding without counsel and pro se in this civil rights action. This action was removed to federal court on January 17, 2006. Since that time plaintiff has filed twelve motions or requests for court action. (Docs. 14, 16, 19, 24, 25, 31, 32, 35, 39, 42, 44, 45.) Most recently, plaintiff has filed a motion to compel documents (doc. 44) opposition/objection to defendants' answer to his amended complaint. (Doc. 46.) Defendants have filed a response in opposition to motion to compel documents. (Doc. 46.) The court will first address plaintiff's motion to compel and plaintiff's opposition and objection to the defendants answer to his amended complaint. The court will then address plaintiff's excessive filings.

        In his February 22, 2007 motion to compel, plaintiff seeks an order directing defendant Woodford to produce "all documents Filed promulgating the June 2003 California

1

1  Department of Corrections, High Desert State Prison, Operation Procedure #606 Pursuant to
2  Chapter 3.5 (commencing with Section 11340) of Part 1 of Division 3 of Title 2 of the
3  Government Code.  (Doc. 44.)  In her response, defendant Woodford states that the requested
4  documents are not within her control; moreover, after a reasonable search, defendant Woodford
5  believes that the requested documents do not exist.

6         The Federal Rules of Civil Procedure provide that a party may request production
7  of documents which are in "possession, custody, or control" of another party.  Fed. R. Civ. P
8  34(a).  Because defendant is not in control of the requested documents, she has completely
9  responded to plaintiff's request by informing him of such.  Additionally, defendant Woodford
10 cannot be expected to provide documents which do not exist.  Accordingly, the court will deny
11 plaintiff's motion to compel discovery.

12         Plaintiff has filed an opposition and objection to defendants' answer to his
13 amended complaint.  The gist of the opposition appears to be that the answer "fails to meet
14 [defendants'] burden of proof of demonstrating that there is no dispute as to any material fact...."
15 Defendants do not, however, bear the burden of establishing that there is no dispute as to any
16 material fact of plaintiff's complaint in their answer.  Instead, defendants answer must assert
17 defenses in law or fact.  Fed. R. Civ. P 12(b).  Further, an opposition to an answer is not a proper
18 pleading.  The court will order plaintiff's opposition and objection to defendants' answer
19 stricken from the record.

20         Next, the court warns plaintiff that his filings are excessive.  Plaintiff is warned
21 that he must adhere to the local rules and the court's orders in prosecuting this action.  Plaintiff's
22 excessive filing of motions and requests impede the court's ability to proceed with this litigation
23 in an expedient fashion.  Plaintiff is hereby formally cautioned that a litigant proceeding in forma
24 pauperis may suffer restricted access to the court where it is determined that he has filed
25 excessive motions in a pending action.  DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990);
26 see also Tripati v. Beaman, 878 F2d 351, 352 (10th Cir. 1989).  Plaintiff is cautioned that this

court views the number of motions filed to date as excessive and that consideration will be given to restricted court access if plaintiff does not exercise appropriate restraint henceforth.

IT IS ORDERED that:

1. Plaintiff's motion to compel (doc. 44) is denied.

2. Plaintiff's opposition and objection to defendants answer to his amended complaint (doc. 46) is stricken from the record and disregarded.

3. Plaintiff is cautioned that continued excessive motion practice will result in restrictions on his permission to file pleadings in this lawsuit.  Plaintiff is further cautioned that failure to comply with any portion of this or any other order of this court will result in a recommendation that this action be dismissed.

DATED:  March 2, 2007.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE