**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADONAI EL-SHADDAI,<br><br>         Plaintiff,<br><br>vs.<br><br>JEANNE WOODWARD, <u>et al.</u>,<br><br>         Defendants. | No. 2:06-CV-0122-RRB-CMK-P<br><br>**ORDER GRANTING DEFENDANTS'<br>CROSS MOTION FOR SUMMARY<br>JUDGMENT** |

**I.   INTRODUCTION**

At Docket 52 are Defendants Jeanne Woodward, <u>et al.</u> ("Defendants") with a Motion for Cross Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment. "Defendants move for summary judgment on the grounds that the undisputed evidence shows that Defendants did <u>not</u> violate Plaintiff's constitutional rights <u>and</u> Defendants are entitled to qualified immunity."[1]  The motion is opposed at Docket 54.

/ / /

/ / /

/ / /

---

[1]   Docket 52 at 1 (emphasis added).

ORDER GRANTING DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT - 1
2:06-CV-0122-RRB-CMK-P

**II.  FACTS**

Plaintiff Adonai El-Shaddai ("Plaintiff") claims Defendants violated his federal constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments "by permitting correctional staff to dispose of his excess property under a prison policy developed without a notice and hearing period."[2] Defendants argue: (1) they have not violated Plaintiff's constitutional rights; and (2) "[t]he [High Desert State Prison (the "HDSP")] property policy comports with constitutional protections, and only limits the amount of property a prisoner may possess as necessary to protect legitimate governmental interests."[3]  Moreover, Defendants claim: (1) "prison officials are not required to follow notice and hearing procedures when creating prison policies that do not have general, statewide applicability"[4]; and (2) they "acted under established law, and are therefore entitled to qualified immunity."[5]  The Court agrees.[6]

///
///

---

[2]   Id. at 3.

[3]   Id.

[4]   Id.

[5]   Id.

[6]   Inasmuch as the remainder of the facts are more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

ORDER GRANTING DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT - 2
2:06-CV-0122-RRB-CMK-P

**III. STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[7] The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[8] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[9] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[10] However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[11]

---

[7]  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[8]  Id. at 323-325.

[9]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-9 (1986).

[10]  Id. at 255.

[11]  Id. at 248-9.

**IV.  DISCUSSION**

Having thoroughly reviewed the relevant pleadings in this matter, the Court finds:

1. Defendants did <u>not</u> violate Plaintiff's state or federal rights[12];

2. The HDSP "property policy serves the legitimate correctional goals of preserving the health and well being of inmates and staff, while limiting the prison's expense in storing or mailing inmate property"[13];

3. "Defendants were <u>not</u> required to provide the public with a notice and hearing period[, pursuant to the California

---

[12] See <u>Hudson v. Palmer</u>, 468 U.S. 517, 526 (1984)("The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions."). <u>See also</u>, <u>Savko v. Rollins</u>, 749 F. Supp. 1403, 1414-15 (D. Md. 1990)("The requirement that inmates mail confiscated property to a person outside the institution at the inmate's own expense is . . . not violative of the Takings Clause."). Although not authoritative, the Court finds the latter case to be particularly persuasive.

[13] Docket 52 at 14. Indeed, the U.S. Supreme Court has previously determined that:

> Prison administrators . . . should be accorded wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

<u>Bell v. Wolfish</u>, 441 U.S. 520, 547 (1979). It further determined that the "due process rights of prisoners . . . are <u>not</u> absolute; they are subject to reasonable limitation or <u>retraction</u> in light of the legitimate security concerns of the institution." <u>Id.</u> at 554 (emphasis added).

ORDER GRANTING DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT - 4
2:06-CV-0122-RRB-CMK-P

1 Administrative Procedure Act,] before adopting a policy that applied exclusively to [the] HDSP"[14]; and

    4. "Defendants acted reasonably, and are therefore entitled to qualified immunity."[15]

**V. CONCLUSION**

As a result, and for additional reasons more carefully articulated within the relevant pleadings, **IT IS HEREBY ORDERED** that:

    1. Plaintiff's Motion for Summary Judgment at **Docket 42** is **DENIED**;

    2. Defendants' Cross Motion for Summary Judgment at **Docket 52** is **GRANTED**;

    3. Any and all remaining motions are **DENIED** as moot; and

    4. This action is **DISMISSED** with prejudice.

**ENTERED** this 16th day of July, 2006.

                                      S/RALPH R. BEISTLINE
                                      UNITED STATES DISTRICT JUDGE

---

[14] Id.

[15] Id.